```
98   309
s102 530
s102 531
j102 539
98   309
108  486
```

## Wytheville.

SOUTHERN RAILWAY CO. v. GLENN'S ADMINISTRATOR AND OTHERS

JUNE 14, 1900.

1. TRUSTS AND TRUSTEES—*Substituted Trustee—Compensation.*—A substituted trustee whose duties are only such as were imposed upon the original trustee, by the deed creating the trust, is not entitled to any greater compensation for his services than the deed provided for the original trustee, and the court, supervising the settlement of the accounts of said substituted trustee, cannot allow any greater compensation.

2. APPEAL AND ERROR—*Interlocutory Decree—Final Decree—Limitation.*— Although the right is given to appeal from certain interlocutory decrees, the party aggrieved is not bound to appeal from them, but may do so at any time within a year after a final decree has been rendered in the cause, provided all the other requisites for an appeal exist.

3. APPEAL AND ERROR—*Final Decree.*—A decree approving and confirming the account of the representative of a trustee and ascertaining the balance due from the decedent's estate to the trust fund, without giving judgment for the same or making any other disposition of it, or without dismissing the case as to him, is not a final decree.

4. CHANCERY PLEADING AND PRACTICE—*Commissioner's Report—Exception—Question of Law.*—Where the objection to a commissioner's report raises a question of law only, which is decided by the trial court, it is not necessary to except to subsequent reports of the commissioner, involving the same question, in order to have the ruling on that question reviewed in this court.

5. APPEAL AND ERROR—*Declining to Appeal—Consideration—Estoppel.*— The mere statement of an appellant to an appellee that he did not intend to or would not appeal does not prevent an appeal, unless

NOTE BY THE REPORTER.—Judge Riely was not present when this opinion was delivered, but was present at the argument, participated in the conference, and concurred in the opinion after it was prepared.

Opinion.

there was a consideration for the statement, or the appellee has acted on it to his prejudice.

6. Appeal and Error—*Decree for Less than Sum Due—Receiving Payment—Waiver—Estoppel.*—Where a decree is entered for less than the party claims, receiving payment of the sum so decreed is not a waiver of errors, nor does it estop him from appealing from the decree as to sums not allowed.

7. Trusts and Trustees—*Office Rent—Clerk's Hire.*—Under the facts of this case, a decree allowing the trustee office rent and clerk's hire will not be disturbed.

8. Trusts and Trustees—*Balances—Interest—Acquiescence.*—Although a trustee was required to deposit balances in his hands in bank, yet after long acquiescence, the settlement of numerous accounts, and their approval, without exception, the concurrence of the commissioner, the trial court and the trustee that he was not chargeable with interest, interest will not be charged against him on such balances.

Appeal from a decree of the Circuit Court of Henrico county, pronounced July 8, 1898, in a suit in chancery therein pending under the style of *Glenn's Administrator* v. *National Express and Transportation Co. and Others,* in which appellant was admitted as a party complainant.

*Reversed.*

The opinion states the case.

*Munford & Anderson* and *John Howard, Jr.,* for the appellant.

*Charles U. Williams, Charles Biddle,* and *Charles Marshall,* for the appellees.

Buchanan, J., delivered the opinion of the court.

In the year 1866 the National Express and Transportation Company executed a deed of trust, conveying all of its assets of every kind and description to three trustees, for the purpose of securing its creditors. But little was done towards executing the trust until the year 1871, when a bill was filed by one of the

creditors in behalf of himself and such other creditors as became parties and contributed to the expenses of the suit for the purpose of enforcing the trust.   By a decree entered on the 14th day of December, 1880, the surviving trustees, one of the three having died prior to that time, were, by and with their consent, removed as trustees, and John Glenn, the appellee's intestate, substituted in their stead.   Mr. Glenn at once entered upon the discharge of his duties, and continued to act as such until his death, March 30, 1896.

The compensation of the trustees for executing the trust was fixed by the deed at five *per cent.* commissions on the moneys received by them.   The court allowed the substituted trustee ten *per cent.* for his services on the moneys received, and this action of the court is assigned as error.

The contention of the appellants is, that where the compensation of a trustee is fixed by the instrument creating the trust, no greater compensation can be allowed him, without the consent of the other parties to be affected by the increased allowance. The correctness of this proposition of law, as a general rule, does not seem to be controverted by the appellee's counsel, but they insist that it has no application to this case, because it became necessary for the court, by its decree, to create not only new duties not contemplated by the original trust deed, but to create, in fact, a new trust estate, over which its appointee should perform the duties created by the decree itself, or, in other words, that he occupied the position of receiver rather than of trustee, to execute the orders of the court in carrying out the purposes of the deed of assignment.   This contention we do not think can be sustained.   From the fourth and fifth paragraphs of the decree of December 14, 1880, it is clear that the appellee's intestate was substituted as trustee in lieu of the former trustees, and not appointed receiver.   Those paragraphs are as follows:

"And it appearing to the court that said John Blair Hoge and John J. Kelly, surviving trustees in said deed, are willing, each, to resign and renounce the office of trustee under said deed, and that they are so situated as not to be able efficiently to perform the duties of the same, and that it is right and expedient, under all the circumstances, that they be relieved from the said trusteeship, the court doth adjudge, order and decree that the said John Blair Hoge and John J. Kelly, surviving trustees of themselves and C. Oliver O'Donnell, under the said deed, bearing date the 20th day of September, 1866, executed to them by the said National Express and Transportation Company, in trust for the benefit of its creditors, be, and they are hereby, respectively removed from the office of trustee under this deed."

"And it further appearing to the court that John Glenn, Esquire, of number twelve, St. Paul street, in the city of Baltimore, and State of Maryland, is a fit and proper person to execute the duties of said trust, it is adjudged, ordered and decreed that the said John Glenn be, and he is hereby, substituted and appointed, trustee in the said deed in the room and stead of the said Hoge and Kelly, with all the rights and powers, and charged with all the duties of executing the trusts of said deed to the same effect as were the original trustees therein. And the said John Blair Hoge and John J. Kelly are authorized and directed to transfer and deliver to the said John Glenn, substituted trustee as aforesaid, all of the books and papers of the said National Express and Transportation Company of every kind and description, and all of the estate and property of said company of every kind and description, now in possession of them, the said Hoge and Kelly, or either of them, and the receipt of the said John Glenn to them for the same shall be full acquittance and discharge therefor.

" But the said John Glenn is not to take possession of said property, books and papers, or receive any money as such substi-

tuted trustee until he, or some one for him, shall enter into bond, with good security, before the clerk of this court, in the penalty of one hundred thousand dollars, conditioned for the faithful discharge of his duties as such trustee."

The substituted trustee, in the language of the decree appointing him, was "clothed with all the rights and powers, and charged with all the duties of executing the trusts of the said deed to the same effect as were the original trustees." All the estate of the company of every kind and description, and wherever situated, including the unpaid and uncalled for stock subscriptions, passed to and was vested in the original trustees by the deed of assignment for the benefit of its creditors. This was so declared by the decree substituting the trustee, and was so held by this court in *Lewis' Admr.* v. *Glenn, Trustee,* 84 Va. 947, 965. Requiring the trustee to collect stock subscriptions which had not been called for when the deed of trust was made, but which were called for by the court after the substituted trustee was appointed, was not, as the appellee contends, imposing any new duty upon the substituted trustee, but was merely requiring him to perform a duty imposed by the deed of trust. The collection of that asset was as much a part of the duty of the original trustees or of the substituted trustee when the necessity for its collection arose, and calls were made for it by the directors of the company or by the court, as was any other duty imposed by the trust. We are of opinion, therefore, that the duties performed by the substituted trustee were such duties, and only such duties, as were imposed by the deed of trust and necessary to its proper execution, and that for performing those duties he was entitled to the compensation provided in the deed, and that the court had no more right to increase his compensation beyond that provided for by the trust, without the consent of the other parties in interest, than it would have had to decrease it without

his consent. Perry on Trusts, sec. 919; Burrill on Assignments, sec. 418.

But it is insisted that, even if the court had no authority to make the increased allowance, the appellants have lost their rights to have the decrees complained of reviewed and reversed, by reason of their failure to object to the court's action at the proper time, and their long acquiescence in what was done.

In determining this question it will be necessary to refer briefly to the proceedings in the cause.

The substituted trustee retained as compensation for his services the commission provided by the deed of trust until April, 1886, when he filed his petition asking for increased compensation. At the same term of the court, one of its commissioners was directed to inquire and report what additional compensation, if any, should be paid the said trustee for his services in executing the deed of trust.

In December following, the commissioner reported that an additional commission of five *per cent.* upon all of the trustee's collections up to May 5, 1886, which amounted to $155,162.03, or $7,758.10, in addition to the compensation allowed him by the terms of the deed, would not be more than what his services were really worth, and recommended that such additional commissions be allowed him, if the court had authority to allow any compensation beyond that fixed by the deed of trust, but reported that in his opinion the trustee was bound by the terms of the trust, and that no extra compensation could be charged to the fund, although he was further of opinion that the creditors, who had been so largely benefited by his services, should not hesitate to allow him the additional compensation out of the funds coming to them.

This report was excepted to by the trustee, because the commissioner failed to allow him the compensation claimed. The court sustained this exception, overruled and refused to adopt so much of the commissioner's report as expressed the opinion

that the trustee was bound by the terms of the deed of trust, and that his compensation must be as therein provided, but in other respects approved and confirmed it, allowed the trustee an additional commission of five *per cent.* on the moneys which had been received by him, and directed that he be credited with that sum in future settlements of his accounts.

In October, 1888, the court, upon the application of the trustee, directed the same commissioner to inquire and report what additional compensation, if any, should be allowed the trustee for his services in addition to what had been allowed him by the former decree of the court, and in excess of the percentage provided by the deed of trust.

In May, 1889, the commissioner filed his report, in which he referred to his former report, and to the decree of the court overruling his opinion that the trustee was bound by the terms of the trust, and could only receive the compensation therein provided, and expressed the opinion that, inasmuch as the court had, by that decree, decided the legal question involved, it was competent for the court to allow the trustee such additional compensation as might be proper in excess of that fixed by the deed, it was now only a question of fact as to whether or not compensation in addition to that provided for in the deed should be allowed the trustee for his services, and, from the evidence before him, reported that the trustee should be allowed an extra commission of five *per cent.* on his collections since May 5, 1866, and that such additional allowance should be credited to him in his next settlement, and thereafter in his semi-annual settlements. At the same term of the court the report of the commissioner, to which there was no exception, was confirmed, and a decree entered directing the commissioner in all future settlements of the accounts of the trustee to allow him the sum of ten *per cent.* commissions on all receipts as trustee, it being declared by the decree that it was the intention of the court that the trustee should have that commission upon all moneys there-

tofore or thereafter received by him as trustee. Upon the back of that decree was endorsed by counsel for creditors: " I have seen the within decree and the report upon which it is based. My views upon the whole subject have been heretofore fully expressed in writing, to which I must respectfully adhere and refer." In the subsequent settlements of the trustee's accounts up to, and including that filed May 8, 1893, ten *per cent.* commissions on his receipts were allowed him for his services, and confirmed by the court without exceptions.

The commissioner, in his reports of June 28 and June 30, 1894, reporting settlements of the trustee's accounts, in which ten *per cent.* commissions were allowed the trustee, called the court's attention to certain allowances to the trustee, including his commissions, and suggested that under the then conditions of the trust they were perhaps not just or proper.

When these reports came before the court, in accordance with the suggestions made by the commissioner, and for the better information of the court and the parties, the commissioner was directed, among other things, to inquire and report as to the suggestions made by him in the reports referred to as to the justice and propriety of allowances to the trustee in the present and approximate condition of the trust estate for the following charges, to wit: (1st) as to office rent; (2d) as to clerical services, and (3d) as to ten *per cent.* commissions on gross receipts of the trust fund.

In the reports made pursuant to that order, and filed respectively April 26 and May 24, 1897, the commissioner was of opinion that, although the court had decided that it had the right to allow the trustee compensation beyond that provided for in the deed of trust, the evidence did not show that his services had been such since January 1, 1893, as to entitle him to increased compensation, and recommended that only the commissions fixed by the deed of trust be allowed. The trustee excepted to these reports on this ground. The court sustained the excep-

tion, and continued the allowance of ten *per cent.* commissions by its decree of April 9, 1898.

On the second day of May, 1898, the appellants filed their petition and supplemental petition, praying the court to rehear and reverse its action in allowing the trustee's compensation in addition to that provided for in the deed of trust, and to correct certain other alleged errors.

The court, by its decree of July 18, 1898, upon the motion of the personal representative of the trustee, refused to grant the relief sought, and dismisssed the said petitions, and also dismissed the case as to the trustee's estate.

From that decree this appeal was allowed.

Conceding that the decree of January 18, 1887, which held that the court had the power to allow the trustee compensation for his services, in addition to that provided for in the deed of trust, was such a decree as the appellants had the right to appeal from, they were not bound to appeal from it. It was an interlocutory decree, and whilst, by virtue of section 3454 of the Code, a party is given the right to appeal from certain interlocutory decrees, if he desires to do so, he is not bound to appeal from such decrees at the time they are rendered, but may do so at any time within a year after a final decree has been rendered in the cause, provided all the other requisites for an appeal exist. *Jameson* v. *Jameson,* 86 Va. 51; *Harper* v. *Vaughan,* 87 Va. 426. No final decree was entered against the appellee until the 18th day of July, 1898, when the case was dismissed as to him. The decree of April 9, 1898, was not, as so earnestly insisted by the appellee, a final decree.

A decree approving and confirming a report settling the accounts of the personal representative of a trustee and ascertaining the balance due from his decedent's estate to the trust estate, without giving judgment against him for the same or making any other disposition of it, or without dismissing the

case as to him, cannot be regarded as a final decree under our decisions.

It is further insisted that, inasmuch as the appellants failed to except to the reports of the commissioner which allowed the additional compensation to the trustee, they cannot raise the question in this court.

If the propriety of the additional compensation allowed depended solely upon the facts before the commissioner, then it would have been necessary to have excepted to the commissioner's reports in which it was allowed; but the question is, had the court, under any state of facts, authority to allow the trustee greater compensation for executing the trust than that fixed by the terms of the trust? This was a question of law; and the commissioner, in his report, filed in December, 1886, reported that, in his opinion, the court had no such authority. To this report the trustee excepted, and the court sustained his exception, and held that it had such authority, and decreed additional compensation. · This question of law having been thus expressly raised and decided by the court, it was not necessary, even if it would have been proper, to have excepted to the subsequent reports of the commisssioner on the same ground. Why require the creditors to raise, and the court to pass upon, the question of its *authority* to allow additional compensation upon the coming in of every settlement of the trustee's accounts in which such allowance was made, when that question had been before distinctly raised and expressly passed upon by the court?

It is further insisted that the appellants have lost the right of appeal because Mr. Howard, their counsel, agreed that, notwithstanding the fact that he differed with the court as to its power to allow the trustee additional compensation, he would not contest the matter. It is true, Mr. Howard does state in his deposition that he did not appeal from the court's action allowing such compensation, because he wished the trustee to be fully compensated. Such a statement as this is clearly no such agree-

ment as would prevent the appellants from appealing. There is no pretence that there was any consideration for it. Even if the appellants themselves had told the trustee that they did not intend to, and would not, appeal, it would not have prevented them from appealing, unless there had been a consideration for it, or the trustee had acted upon such statement to his prejudice, and of this there is no evidence.

The fact that the appellants received the several sums decreed them from collections made by the trustee was not, as appellee insists, a waiver of their right of appeal as to the sums allowed the trustee as additional compensation for his services. Where a decree is entered for less than the party claims, receiving payment of the sum so decreed is not a waiver of errors, nor does it estop him from appealing from the decree, so far as it does not allow him what he claimed. *Morris* v. *Garland, &c.,* 78 Va. 215; *Embry* v. *Palmer,* 107 U. S. 3 (27 L. C. P. ed., 346, 348).

The second assignment of error is to the allowance made to the trustee for office rent. It is conceded by the stipulation of counsel filed in the cause that no exceptions were made to allowances for office rent prior to February 21, 1895, when the report of the commissioner settling the trustee's semi-annual accounts numbered 19 and 20 were excepted to on that ground. Up to that time, only a little over a year before the trustee died, all the parties in interest seem to have thought that the charges made and allowed for the office rent were reasonable and proper. The court, after the matter had been specially referred to and reported upon by the commissioner, considered the allowance proper, and continued it.

The trustee, in administering a trust of the magnitude of that entrusted to him, could hardly be expected to furnish free of cost a place in which he could give his attention to its business, where his clerk could work, and where the mass of books and papers belonging to the trust estate could be kept. Without laying down any general rule upon the subject, we are not pre-

pared to say that under all the facts and circumstances of this case, the court erred in making the allowance complained of.

The next assignment of error is to the action of the court in allowing to the trustee the sum of $750 *per annum* for clerk hire. By the express terms of the trust, authority was given to employ, at the expense of the trust, such agents, counsel, attorneys and servants as the trustee should deem necessary for its proper execution. No objection was made to the allowance for clerk hire until February 21, 1895, although it had been allowed since the 1st of January, 1885. The record shows that the employment of a clerk was necessary, and that the person employed was very efficient, and worth the sum paid him. The commissioner thought the allowance proper, and that it ought to be continued. The court was of the same opinion, and very properly so decreed.

The last assignment of error is to the action of the court in not requiring the trustee to pay interest on the balances remaining in his hands at the dates of the various settlements. By the terms of the decree by which the substituted trustee was appointed, he was directed, after paying the necessary and proper costs and expenses of executing the decree, to deposit his collections in the Planters National Bank of Richmond to the credit of the court in the cause, and to file certificates of such deposits with the clerk of the court, to make report to the court from time to time, and to settle his accounts before one of the commissioners of the court at least every six months. The trustee's accounts, which were required to be settled and reported to the court semi-annually, showed balances in the trustee's hands upon which no interest was charged. Why these balances were not deposited in the bank to the credit of the court does not appear. It is suggested in argument that the reason why this was not done was because the trustee was compelled to bring suits against delinquent stockholders for their unpaid subscriptions all over the country; that there were hundreds of these

suits brought, and that it was necessary for the trustee at all times to have under his control moneys sufficient to pay the necessary expenses attending such litigation. Be that as it may, the trustee retained the money in his hands. His settlements, as reported to the court by the commissioner, showed this, and that he was not charged with interest on them. No exception was made to any of these reports on that ground, and no objection ever made on that ground, so far as the record shows, in any way until after the trustee's death, and when the commissioner, in making his report, filed April 26, 1897, was asked by the appellants to file a special statement showing the several balances left in the trustee's hands at each settlement. It may be that the trustee did not correctly construe the decree of the court, and that he ought to have been charged with interest on the balances found in his hands when his accounts were settled; but during the many years the trustee was executing the trust, and until his death, the parties, as well as the commissioners who settled the accounts, and the court which approved and confirmed them, seem to have concurred in the trustee's construction of the decree, and that he was not chargeable with interest on said balances.

No reason is shown why the appellants did not except to the settlements of the trustee's accounts when they were reported to the court and confirmed—why they did not raise the question earlier. To allow them now, under the facts and circumstances of this case, to make the question and have the trustee charged with interest on said balances, would encourage the grossest negligence in litigants, and might result in great injustice to the estate of the trustee, who, the record shows, rendered in the performance of his duties as trustee the most laborious, faithful and fruitful services. This assignment of error cannot be sustained.

We are of opinion that the decrees complained of must in all

respects be affirmed, except in so far as they allowed compensation to the trustee in addition to that provided by the terms of the trust; that, in this respect, they must be reversed, and the cause remanded to the Circuit Court, with directions to disallow said additional compensation in settling the accounts of the trustee as to the appellants in this cause.

*Reversed.*