# Richmond.

SOUTHERN RAILWAY CO. & OTHERS v. GLENN'S ADMINIS-
TRATOR,

AND

GLENN'S ADMINISTRATOR v. SOUTHERN RAILWAY CO. &
OTHERS.

MARCH 10, 1904.

1. APPEAL AND ERROR—*Alteration of Decree of Appellate Court—Con-
struction.*—An inferior court cannot alter a decree of this court,
nor can this court alter its own decree after the period for rehear-
ing has passed, but where the mandate of this court to an infe-
rior court practically makes the opinion in the case a part of the
mandate, the opinion and mandate should be read together, and if,
when so read, the mandate is clear and free from all difficulty,
and it is manifest that a name which was not necessary to the
completeness of the mandate was inserted by mistake, the trial
court may reject the name as surplusage. This is not alteration,
but construction.

2. APPEAL AND ERROR—*Who is an Appellant—Parties—Representa-
tion.*—An appellant is one who has presented his petition to this
court for an appeal, showing that he is aggrieved or has united
with others in an appeal setting forth his grievances by point-
ing out the error of the lower court. Parties not named cannot
become appellants by virtue of a petition in the name of one per-
son on behalf of himself and a number of others whose names are
not mentioned. The only appellant in such a case is the person
whose name appears in the petition. To be an appellant the party
must by name unite in the petition for an appeal. The doctrine
of parties by representation has no application to such a case.

3. INTEREST—*When Not Allowed—Case in Judgment.*—The general rule
that one who has the use of another's money shall pay interest on
it from the time he receives it until he repays, unless otherwise

VOL. CII—67

agreed, is not enforced in equity without discrimination. Where money has been received under express authority of a decree of court, and the party receiving it has been long left under a reasonable belief that his right to it would never be a subject of future controversy, and the court, the commissioner, and counsel, assure him that he is entitled to the amount, it is not error to refuse interest on decreeing a refunding of the principal sum which was erroneously decreed to him in the first instance.

Appeal from a decree of the Circuit Court of Henrico county, in the chancery suit of *W. W. Glenn's Adm'r* v. *National Express and Transportation Company and Others.*

*Reversed in part.*

The opinion states the case.

*Munford, Hunton, Williams & Anderson* and *John Howard, Jr.,* for Southern Railway Co.

*McGuire & Riely, Chas. U. Williams, Chas. Biddle,* and *R. E. L. Marshall,* for Glenn's Administrator.

HARRISON, J., delivered the opinion of the court.

These two appeals are from decrees in the same cause, and have been heard together here. They are the sequel to the cause of the *Southern Railway Company* v. *Glenn's Administrator, &c.,* decided by this court in June, 1900, and reported in 98 Va. 309, 36 S. E. 395.

For present purposes the facts are sufficiently stated in the opinion of this court on the former appeal, and, therefore, need not be repeated. It was there decided that certain commissions allowed John Glenn, trustee, were in excess of his legal right, and for that error the decree complained of was reversed, and the cause remanded to the Circuit Court, with directions to

disallow such additional compensation, in settling the accounts of the trustee, as to the appellants in that cause.

In the mandate of this court on the former appeal, the name of the trustee was inadvertently and erroneously recited, as "W. W. Glenn," instead of "John Glenn." It is contended that this error renders the mandate void as against the estate of John Glenn, trustee; that for the Circuit Court to make the mandate operative against the estate of the trustee, John Glenn, would be for that court to amend the mandate of this court, which it has no power to do.

It is not competent for the Circuit Court to amend or correct the mandate of this court. We are, ourselves, powerless to amend or correct our own mandate after the term at which it was rendered has passed, and the time for a rehearing has expired. The question involved, however, is not the right of the court to amend, but its power to construe the mandate, and declare its meaning. From a casual reading of the mandate, it is manifest that the recital of the name of the trustee was wholly unnecessary. The presence of the name of "W. W. Glenn" in the mandate takes nothing from its force; the order would have been complete and effective without it. The name "W. W. Glenn" may, therefore, be regarded as surplusage which does not vitiate that which is otherwise good. *Broom's Legal Maxims,* 7th Ed., p. 626; *Lafferty* v. *Moore,* 33 N. Y. 663; *Campbell* v. *Ayers,* 6 Iowa, 339. The mandate provides that the directions to the lower court, contained therein, shall be so carried out as not to conflict with the written opinion of this court. This practically makes the opinion a part of the mandate, and, when the opinion is looked to, the meaning of the mandate is free from all doubt and difficulty. It there clearly appears that John Glenn was the trustee, who had claimed and received the extra compensation, and the only trustee before the court when the additional compensation was allowed. The mandate and opinion, read together, further clearly show

that it was the extra commissions allowed John Glenn, trustee, that were disallowed as to the claim of the appellants. Under these circumstances it was not error in the Circuit Court to treat the misnomer as a mere clerical error, not affecting the substance of the mandate, which was clear and specific in its directions with respect to the disallowance of the extra commissions as to the appellants.

The administrator of John Glenn, late trustee, further assigns as error the action of the Circuit Court in holding that the term "appellants," as used in the opinion and mandate of this court on the former appeal, embraced not only the Southern Railway Company, but all those creditors in whose behalf it claimed to sue. It is contended by counsel for the creditors that the expression "appellants" in this cause was intended to embrace, and did embrace, all of the creditors of the National Express and Transportation Company enumerated in the decree dated April 8, 1895, except the personal representative of W. W. Glenn, deceased, the Philadelphia, Wilmington and Baltimore Railroad Company, and the First National Bank of Charleston; it being insisted that all of said creditors were appellants on the former appeal and entitled to participate in the benefits of the decision then made.

If this court had intended to order a general accounting for the benefit of all the creditors mentioned, its decree should have directed that the estate of the late trustee be required to account for all the extra compensation he had received, and return the same to the trust fund for the benefit of the creditors generally. This was not done. On the contrary, the opinion and mandate, on the former appeal, expressly limits the benefits of the decree then made to the appellants in that cause. Therefore, the question presented for our present consideration is, who were the appellants before this court on the former appeal?

The petition presented on the former appeal, which alone determines who were appellants, is in the name of the Southern

Railway Company, suing for itself and in behalf of all other creditors of the defendant company. At the conclusion of the petition, immediately following the usual prayer for an appeal, is this statement: "The petitioners, as above mentioned (except John M. Glenn, personal representative of W. W. Glenn, deceased; the Philadelphia, Wilmington and Baltimore Railroad Company, and the First National Bank of Charleston), being all the creditors enumerated in the last decree of dividends, to-wit: that of April, 1885, by the Southern Railway Company, suing for itself and in their behalf."

The doctrine of parties by representation and other rules of equity practice with respect to parties are relied on and have been much discussed by counsel. These rules have, however, no application in determining who are appellants in a cause pending before this court. The benefit of appeal is a purely statutory right. When parties come to this court to have reviewed the action of a lower court, their only warrant for doing so is the statute, and its terms must be strictly complied with. Section 3454 of the Code of 1887, declares that any person who is a party to any case in chancery, wherein there is a decree or order adjudicating the principles of the cause, who thinks himself aggrieved thereby, may present a petition for an appeal from such decree or order. The person referred to in this statute has been decided to be such person as was a party to the suit in the court below, and who was aggrieved by the decree therein rendered; and to make him a proper party to an appeal these two circumstances must concur. *Barton's Chancery Practice,* p. 167, sec. 42; *Supervisors of Culpeper* v. *Gorrell, &c.,* 20 Gratt. 484-520.

A person desiring an appeal must present his petition therefor, accompanied by a copy of the record, to this court in session, or to one of the judges thereof. Whether or not an appeal be taken, rests entirely with the party affected by the decree of the lower court. No person can be forced by another party to

the same suit to appeal against his will, hence the petition must show, by name, the parties who claim to be aggrieved by the decree complained of, and who desire to have such decree reviewed. Where there are a number of parties affected by the same decree, and they all desire to appeal, it is not necessary for each to present a separate petition; they can all unite by their respective names in one petition, and show thereby wherein each is aggrieved. A party can only show that he is aggrieved by joining in the petition. An appellant, therefore, is one who has presented his petition to this court for an appeal, showing that he is aggrieved, or has united with others in an appeal setting forth his grievance by pointing out the error of the lower court. The rights of persons who have not appealed, and, indeed, who are not technically parties to the proceedings in the court below, may sometimes be finally determined by the judgment of this court, but that arises where the parties appealing and those not appealing stand upon the same ground, and their rights are involved in the same question, the decision of which must of necessity affect all alike. Where, however, the parties, as in the case at bar, stand upon distinct and unconnected grounds, where their rights are separate and not equally affected by the same decree or judgment, then the appeal of one will not bring up for adjudication the rights or claims of the others. *Barton's Ch. Pr.,* p. 167, sec. 42; *Walker's Ex'ors* v. *Paige,* 21 Gratt. 636.

Parties not named cannot become appellants by virtue of a petition in the name of one person on behalf of himself and a number of others whose names are not mentioned. The only appellant in such a case is the person whose name appears in the petition. Those not named, on whose behalf the petition professes to be presented, are not recognized as appellants. This plainly appears from the writ issued by the experienced clerk of this court, wherein the appellee is summoned to answer the Southern Railway Company, as to whom manifest error is said

to have intervened to its damage, as shown by its petition. And whereas the Southern Railway Company, upon its petition, has obtained an appeal upon condition of its giving bond, &c., &c. It, is essential, as already seen, that the party appealing should be aggrieved, and the petition must set forth that grievance. This court must know at the time it makes its decree the names of the parties aggrieved, and the appellee is entitled to know against whom he is to defend, and to whom he is to look for the payment of costs in the event the appeal is decided against the appellant.

On the former appeal the name of the Southern Railway Company alone appears as petitioner, and it alone claims to be aggrieved by the decree of the lower court. If the decree complained of on the former appeal had been affirmed, there could have been no judgment for costs against any other party than the Southern Railway Company, and yet it is insisted that there were a large number of other persons who were appellants. This cannot be. If they would not have been responsible for the burdens, they cannot claim the benefits. There must be no uncertainty as to who are appellants, and hence those persons only, who appear by name in the petition to this court can be recognized as such. Otherwise upon a successful appeal, all would then wish to be treated as appellants, whereas in case of failure all would seek to avoid the consequences of defeat.

We are of opinion that the Southern Railway Company was the only appellant before this court on the former appeal, and, therefore, it was the only creditor entitled to the benefits flowing from that decision. This court had no jurisdiction upon the petition and record formerly before it, to reverse the decree of the lower court in favor of creditors who did not appear as appellants, and its decree was not intended for their benefit.

The Southern Railway Company assigns as error the action of the Circuit Court in holding that the estate of John Glenn, the late trustee, was not chargeable with interest on the several

amounts received by him as extra or additional commissions from the time such sums came into his hands until repaid into court in this cause.

The general rule undoubtedly is that he who has the use of another's money must pay interest upon it from the time he receives it until he repays it, unless there be an agreement, express or implied, to the contrary. *Craufurd* v. *Smith,* 93 Va. 623, 23 S. E. 235, 25 S. E. 657. This rule is not, however, in equity, enforced without discrimination in every case. On the former appeal one of the claims of creditors was that the trustee should be charged interest on balances retained in his hands, upon the semi-annual settlement of his accounts, because the decree under which he was acting required him to pay any balances in his hands into the Planters National Bank, to the credit of the court in the cause. This court held that the settlement of the trustee, reported to the court from time to time, showed that these balances had not been paid over as required; that no objection appeared to have been made to the action of the trustee in retaining in his hands such balances, but that during the many years the trustee was executing the trust, and until his death, the parties, as well as the commissioners who settled the accounts, and the court which approved and confirmed them, seem to have concurred in the trustee's construction of the decree, and that he was not chargeable with interest on said balances. The extra or additional commissions were retained by the trustee under the express authority of decrees which declared that they were lawfully his. It is true that in the beginning the allowance of the extra commissions was objected to by one of the counsel for the creditors. This same counsel, however, in his deposition in the cause, says, that he did not appeal from the decree allowing the commissions because he wished the trustee to be fully compensated. For a number of years after the decree allowing the commissions was entered, the trustee made regular semi-annual settlements of his accounts,

retaining the extra commissions without further question from
any quarter.   No one can read the record without being im-
pressed with the general acquiescence by all parties in that
allowance, nor fail to see that the trustee was thereby lulled
into the belief that the extra commissions was his, and that
no further question would be raised on that subject.   We concur
in the views so well expressed by the learned judge of the Circuit
Court in disposing of this question.   He says: "The Court
of Appeals (98 Va. 320, 36 S. E. 395) has *una voce* approved
the action of this court in rejecting a claim against the trustee
for interest, which had far higher merits than the claim for
interest on these retained commissions.   That claim was for
interest on amounts reported by the trustee as in his hands and
not deposited, as he was authorized and required to do, to the
credit of the court in bank.   This is a claim for interest upon
moneys retained by the trustee under the authority of the
court.   That authority the Court of Appeals, after the lapse
of many years, has said was not properly exercised; but, never-
theless, until superseded or reversed, the trustee was authorized
to regard his retention of these commissions as lawful and right.
Not only this, but while he was admonished that the right of the
court to allow this extra compensation was made matter of
question by a slumbering exception upon the record, he was as-
sured all the time that, in the opinion of the court and counsel
and commissioner, these extra commissions were *ex equo et bono*
his well-earned due.   One of the counsel for all the creditors,
Colonel Marshall, was pronouncedly of opinion that this extra
allowance was not only equitable, but legally his property.
The only other counsel for creditors, the late Mr. Howard,
who filed the exception to its allowance, in his deposition filed
in this cause, states that he did not appeal from the court's
action in allowing such compensation, because he wished the
trustee to be fully compensated.   Under a reasonable belief that
his right to this extra compensation would never be an after

subject of controversy, the trustee continued in the faithful and efficient discharge of the duties of his trust until his death. And not until after his death, and the admission into the case of another party, the Southern Railway Company, as assignee of claims which have been heretofore, all through the progress of this litigation, represented by Col. Marshall and Mr. Howard, was there any suggestion of purpose to appeal from the decrees of this court."

The administration of this trust has involved a magnitude of labor and responsibility that rarely falls to the lot of a fiduciary. The collection and disbursement of its widely scattered assets has made necessary hundreds of suits all over the country. This cause, in which the trust has been administered under the guidance of a court of equity, has extended over many years. The counsel who, from the beginning until a comparatively recent date, represented all of the creditors, have passed away. The learned and venerable judge, who has throughout all these years presided over this litigation, has, since the decrees now under review, sought retirement from a lifetime of judicial labor. This court has, by its former decision, awarded the Southern Railway Company its legal right, in requiring the estate of the late trustee to account for its proportionate share of the extra commissions retained. To allow the appellant now, under the facts and circumstances to which we have alluded, interest upon these several sums, would be a measure of relief not demanded by the law, and which would, in our opinion, result in great injustice to the trustee's estate.

In the view we have thus far taken of the case, it becomes unnecessary to consider other questions raised and elaborately discussed before this court.

For these reasons the decrees complained of must be reversed in so far as they hold that any other creditor of the defendant Express Company than the Southern Railway Company is entitled to participate in the results of the former decision of this

court, and in all other respects such decrees will be affirmed, with costs to the administrator of John Glenn, deceased, as the party substantially prevailing.

Buchanan, J., dissenting:

I concur in the opinion of the court, except in so far as it holds that the Southern Railway Company is not entitled to interest on its *pro rata* share of the moneys improperly retained by Glenn, trustee, on account of commissions for his services. Upon that question I dissent.

It was determined by this court upon the former appeal (*Southern Ry. Co.* v. *Glenn,* 98 Va. 309, 36 S. E. 395) that the action of the lower court in allowing commissions to the trustee for his services beyond those provided by the deed of trust was unauthorized and illegal, except as to the creditors who assented to or acquiesced in such allowance. The railway company, or its predecessors in interest, having objected to such allowances when made, and having succeeded in having the decrees making them reversed and annulled, and its right established to its *pro rata* share thereof, I know of no rule of law by which that company can be denied interest on the principal sum thus declared to be due it. Upon the former appeal it was held that it had not lost its rights by acquiescence, or by not appealing earlier than it did. If the objections made to such allowance in the year 1886 or 1887 and continued from time to time in one form or another until the decrees making them were reversed and annulled were sufficient to preserve its right to the principal sum to which it was entitled, I am unable to see why they were not sufficient to preserve its right to interest thereon.

The courts of this State, with some aid from the Legislature, have established the doctrine that it is natural justice that he who has the use of another's money should pay interest on it. 4 *Minor's Inst.,* 819, and cases cited; *Templeman* v. *Faunt-*

*leroy,* 3 Rand. 436, 446-7; *Ross, &c.,* v. *McLauchlin, &c.,* 7 Gratt. 86.

The fact that the trustee held the money under orders of court made over the railway company's objection, and in violation of its rights, which were afterwards reversed so far as they affected the railway company, cannot, in my judgment, affect the question of the right of the railway company to interest any more than it can affect its right to the principal. Having succeeded, after long-protracted and hotly-contested litigation, in establishing its right to its *pro rata* share of the overpaid commissions, it seems to me that it is entitled to have interest on that sum during the many years the trustee has deprived it of the use thereof by improperly withholding the money and resisting its payment.

<div align="right">

*Reversed in part.*