AH TAI v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. February 16, 1905.)

No. 539.

1. PARTIES—STANDING IN COURT—DISPOSITION OF QUESTION.

Ordinarily questions involving the standing of a party in court are influenced largely by the knowledge of the court as to the history of the proceeding, and are disposed of summarily upon discretion.

2. ALIENS—CHINESE EXCLUSION—APPEAL FROM COMMISSIONER—WAIVER.

Where a Chinaman who had been ordered deported by the commissioner, and had perfected an appeal to the District Court within the statutory period, entered into an agreement which purported to waive his right of appeal, but nevertheless appeared and demanded to be heard upon his appeal, which was still pending, and which had not been dismissed under the agreement, his status under his appeal so far involved his statutory right to an appeal as to render the question whether his executory agreement amounted to a complete and absolute waiver thereof or not, reviewable by the Circuit Court of Appeals.

135 F.—33

3. SAME.

> Where a Chinaman who had been ordered deported by the commissioner perfected an appeal to the District Court within the statutory period, his right to appear and be heard upon his appeal was not forfeited by an agreement purporting to waive his appeal, which had remained merely executory, and under which the appeal had not been dismissed, nor the order of the commissioner affirmed, and in reliance on which nothing had been done.

In Error to the District Court of the United States for the District of Massachusetts.

See 125 Fed. 795.

George Libby, for plaintiff in error.
William H. Garland, Asst. U. S. Atty.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In this case a Chinese person, who is designated in the record as Ah Tai, alias Moy Yee Poy, plaintiff in error, was before Richard W. Hale, United States commissioner for the District of Massachusetts, charged with being a Chinese person unlawfully within the United States. The Chinaman defended upon the ground that he had been previously before a commissioner for the District of Vermont, and, after trial, had been discharged upon the ground that he was a citizen of the United States. At the hearing before the Massachusetts commissioner, the Chinaman introduced what purported to be his discharge in the District of Vermont, and on the discharge was what he claimed to be a photographic likeness of himself. After hearing, the Massachusetts commissioner found that the Chinaman before him was not the person discharged in the Vermont District, and that the photograph was not his likeness, and ordered that he be deported to China.

From the order of the Massachusetts commissioner the Chinese person seasonably claimed his appeal to the judge of the District Court for the District of Massachusetts, which was duly allowed. On the 20th of April, 1904, the Chinaman appeared in the District Court and demanded to be heard in the prosecution of his appeal. The bill of exceptions sets out that the court, acting on a previous oral agreement, made in open court, found that the Chinaman had waived his right to be heard on his appeal, and ruled that he was not entitled to be heard. The District Court subsequently, but without hearing, affirmed the finding and order of the commissioner, and the case comes here upon an exception to the ruling which deprived the Chinaman of a hearing in the District Court upon his appeal.

The record is meager. Sufficient appears, however, to show that the appeal from the commissioner to the District Court was perfected within the statutory period, and that whatever was agreed in the direction of a waiver of the right to prosecute the appeal was left unexecuted. It is not claimed that the court or any one at the time acted upon the supposed agreement, nor is it claimed that the

previous agreement was entered of record. It appears that the agreement upon which the government relies was made in open court between John L. Dyer, counsel for the Chinaman, and Mr. Garland, representing the United States.

We pass over all questions as to the authority of an attorney to bind a client under the circumstances disclosed, and treat the case as though what was done was done by the Chinaman himself. At the most, it was merely an executory agreement not to prosecute, and, before any action was taken by the court in the direction of dismissing the appeal, or of affirming the order of the commissioner, the aggrieved party appeared in court and claimed the right to prosecute his appeal.

Ordinarily questions involving the standing of a party in court are influenced largely by the knowledge of the court as to the history of the proceeding, and are disposed of summarily upon discretion. Quite likely we may not know from the record all the grounds upon which the District Court acted, but, looking at the record, we incline to the view that when the Chinaman appeared and demanded to be heard upon his appeal, which had been allowed and was still pending, his status under his perfected appeal thus pending so far involved his statutory right as to render the question reviewable in this court, whether the executory agreement amounted to a complete and absolute waiver.

The agreement in question is referred to by the District Court as one previously made, not as one entered into for the purpose of disposing of the case at the time the action was taken by the court. At the time the Chinaman was denied his right to prosecute, the appeal, as has been said, was still pending; and, however it might be if it had reference to a situation involving a strictly civil case, we do not think the previous executory agreement, in a case concerning the restraint of personal liberty, should be accepted as so far acted upon as to become absolute, and deprive the appellant of the right to prosecute his statutory appeal. If, at the time it was made, the agreement had been executed, and the appeal dismissed, or the order of the commissioner affirmed, it would have been different.

By analogy, cases like Ward v. Hollins, 14 Md. 158, and Hay v. Jenkins, 28 Md. 564, which hold that a person may abandon or withdraw his appeal without explanation, and take another within the statutory time, would seem to sustain the idea that a party who has made an agreement not to prosecute may rescind, while the appeal is pending, and return to his right to go forward.

The law is reluctant to hold parties to executory agreements resting in the past, which, if enforced, would deprive them of their life or liberty. It is for this reason that, in proceedings involving the higher offenses, the old formalities of pleading in person and in the presence of the court are held to, as necessary and proper safeguards of liberty. In such cases, judgment is based not upon agreement, but upon an admission of the fact of guilt. While this is not a criminal proceeding, its purpose is to exclude the Chinaman from the liberty of the territory of the United States, and in a sense,

therefore, to restrain him of personal liberty. If it were a criminal proceeding, where the respondent had entered a plea of guilty, or in any way admitted his guilt, the fact of the admission would be evidence against him upon the question of guilt or innocence, though respondents are often allowed to retract their plea of guilty and go to trial, but an executory agreement of a respondent to plead guilty or not to defend himself would not operate to debar him of the right of trial. Moreover, the right of the United States to deport a Chinaman, with incidental expenses, rests not upon agreement, but upon the duly established fact that the person is a Chinese person unlawfully within the United States, and not a citizen thereof.

No point has been made whether this case should have been brought before us by appeal rather than by writ of error, and we are not to be held as expressing any opinion in reference thereto, even by implication.

The finding and order of the District Court affirming the finding and order of the commissioner are reversed, and the case is remanded for further proceedings not inconsistent with this opinion.