Bass v. Insurance Co., 18 N. M. 282.

[No. 1593, October 21, 1913.]
EDWARD BASS, Administrator of the Estate of C. Gordon Bass, Deceased, Appellant, v. THE OCCIDENTAL LIFE INSURANCE COMPANY, Appellee.

SYLLABUS (BY THE COURT)

1. Section 1, chap. 57, S. L. 1907, gives to "Any person aggrieved by any final judgment," etc., the right of appeal. Under this statute the right of appeal is not confined to a party to the suit, but any person directly interested and injuriously affected by the judgment may appeal.

P. 284

2. All the facts, entitling the person, not a party to the record, to appeal should be stated in the application for appeal.

P. 285

Appeal from the District Court of McKinley County; Herbert F. Raynolds, District Judge; motion to dismiss denied.

Brief on Motion to Dismiss Appeal.
ALONZO B. McMILLEN, Albuquerque, N. M., for appellee.

Statutes governing proceedings taken to revive causes. C. L. 1897, secs. 3091, 3092, 3093, 3094, 3100.

One who is not a party to the record cannot appeal any more than can a judgment be rendered against one who is not a party. Cyc. p. 84-6; Judson v. Love, et al., 35 Cal. 464.

Brief of Appellant on Motion to Dismiss.
A. T. HANNETT, VIGIL & JAMISON, Albuquerque, N. M., for appellants.

Statutes cited are entirely immaterial because not applicable to the case at bar. C. L. 1897, sec. 3091.

Case of Judson v. Love, 35 Cal. 464, not in point. Question here presented is: Who may take an appeal? Laws 1907, ch. 57, sec. 1.

An administratrix de-bonis-non of an estate was a party. 2 Cyc. 627, and note on same page; Adams v. Woods, 8 Cal. 306; Weer v. Gand, 88 Ill. 490; Henkleman v. Peterson, 40 Ill. App. 540; Nolan v. Jones, 108 Mo. 431; 18 S. W. 1107; Clark's Code Civ. Pro. N. C. (1900), article 547; Mutual Life Ins. Co. v. Houchins, 27 So. 657; Zinc Co. v. Hesselmeyer, 50 Mo. 180; Striklin v. Galloway, 137 S. W. 804.

## OPINION OF THE COURT.

ROBERTS, C. J.—Edward Bass, administrator of the estate of C. Gordon Bass, deceased, instituted suit in the District Court of McKinley County against the appellee on a policy of insurance issued, as alleged in the complaint, on the life of the deceased. Upon the trial of the cause, the jury, under instructions of the Court, returned a verdict for the defendant, upon which judgment was entered December 9, 1912. Thereafter, the record recites, that on the 12th day of May, 1913, application for appeal was filed, which reads as follows:—

"Comes now Susie Bass, heretofore appointed administratrix de bonis non of the estate of C. Gordon Bass, deceased, by order of the Probate Court of McKinley County, dated March 4, 1913, and says that as such administratrix de bonis non she is aggrieved by the final judgment and decision of the District Court of McKinley County in the above entitled cause, and therefore prays an appeal to the Supreme Court of the State of New Mexico."

It is next recited in the record:—

"This cause coming on to be heard upon the application for appeal of Susie Bass, administratrix de bonis non of the estate of C. Gordon Bass, deceased, and it appearing to this court that Susie Bass, as such administratrix de bonis non, has been aggrieved by the final judgment of this Court in the above entitled cause, and this Court being sufficiently advised in the premises, it is herewith ordered

and adjudged that said appeal be and the same is hereby allowed, etc."

Appellee has filed a motion to dismiss the appeal upon two grounds, viz:—(1) "That the appellant, Susie Bass, as administratrix do bonis non of the estate of C. Gordon Bass, deceased, was not a party to said cause in the District Court, and had no right of appeal; (2) For the reason that if Susie Bass was the successor to the plaintiff Edward Bass, as administrator of the estate of C. Gordon Bass, deceased, there was no proper action, rule, notice or judgment of revivor by which to make her a party or give her a right of appeal."

The motion thus interposed raises the question as to who may appeal, or sue out a writ of error, under section 1, chapter 57, S. L. 1907, by which section, "Any person aggrieved by any final judgment or decision of any District Court," etc., "in any civil cause" may take an appeal or sue out a writ of error. If, under this section, the right of appeal is confined to a party to the cause in the District Court, it is evident that appellee's motion to dismiss is well taken, for it can not be contended, in the absence of a judgment or order of revivor, that the administratrix de bonis non herein, was a "party to the suit," the record disclosing that the suit was instituted by the administrator, and conducted by him and in his name until after the entry of the judgment. It is true similar statutes have been construed to give a right of appeal only to a "person" who was a party to the suit in the Court below (Gannon v. Doyle, 16 R. I. 726; Southern Railroad Co. v. Glenn, 102 Va. 536; Parker v. Reynolds, 32 N. J. Eq. 290), but the greater weight of authority supports the construction that such a statute gives to one directly interested, though not a party to the action, the right of appeal. (Dickerson's Appeal, 55 Conn. 223; Labor v. Nichols, 23 Mich. 311; Henry v. Heanes, et al., 47 Ohio St. 116; Nolan v. Johns, 108 Mo. 431, and see authorities collected in note 3, 2 Ency. Ply. & Pr. 169.) The rights of the person appealing must, however, be injuriously affected by the judgment from which he seeks to appeal, and this fact it

appears may be shown *de hors* the record, (Ency. Pl. & Pr. 169), and should be made plainly to appear in the application for the appeal and, unless the showing made satisfies the judge of the District Court of such facts, the appeal should be denied.

In this case the application for the appeal was made by the administratrix de bonis non, and it is to be presumed that the trial judge satisfied himself that the applicant was duly and regularly appointed and qualified as such, otherwise he would not have entertained the application.

This fact being established, it would necessarily follow that she was, as such administratrix de bonis non, aggrieved by the final judgment against her predecessor, the plaintiff in the case, for, had the plaintiff prevailed, the estates would have profited by the judgment recovered.

For the reasons stated, the motion to dismiss the appeal will be denied, and it is so sordered.

### SYLLABUS (BY THE COURT)

