Argued July 2, appeal dismissed October 21, 1924, mandate issued January 28, 1925.

## RE FALING ESTATE. APPEAL OF CHILDREN'S HOME.

### (229 Pac. 694.)

**Stipulations—Waiver of Right of Appeal Sufficient Consideration for Stipulation not to Appeal.**

1. Waiver of right of appeal constitutes a sufficient consideration for a stipulation not to appeal.

**Appeal and Error—Improvident Stipulation not to Appeal Should be Disposed of Before Appeal Taken.**

2. Where party claims that stipulation not to appeal was improvidently entered into or procured by fraud, he should apply to lower court to set it aside before attempting to appeal, and, if court refuses to do so, matter should be brought up with balance of transcript as part of its substance of appeal.

---

See 36 **Cyc.** 1280 (1926 Anno.), 1291, 1297.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

The appellants in this matter have appealed from an order of the court settling the final account of

---

1. Validity and enforceability of stipulation waiving right to appeal, see note in 19 **Ann. Cas.** 1056. See, also, 2 **R. C. L.** 59; 25 **R. C. L.** 1108.

2. Power and discretion of court to relieve parties from stipulation, see note in **Ann. Cas.** 1912C, 769. See, also, 25 **R. C. L.** 1108.

Thomas N. Strong and C. Lewis Mead, as executors under the alleged will of Xarifa J. Faling, deceased, executed in 1915. The will of 1915 was probated in common form on the ninth day of July, 1917. A contest was filed on August 23, 1917, by one W. Tyler Smith, who claimed to be a cousin of the deceased. Certain depositions were taken in October, 1917, and the testimony in chief was commenced on November 12, 1917, and was taken practically continuously from then until June 24, 1918, with an adjournment the latter part of January and early February for the purpose of taking depositions in California. In July, 1918, an amended petition was filed by the contestant, who had taken an assignment of two legacies under a prior will, the existence of which was discovered during the contest. Separate contests were instituted by certain additional beneficiaries under the 1911 will and additional testimony was taken under the amended petitions and the additional contests. Without going over the proceedings in detail, it may be stated that this was probably the most important and longest drawn-out contest that has been known in the courts of Oregon. The testimony consumed several thousand pages and numerous exhibits pertinent thereto would also occupy several thousand pages. At the time of the amendment of the petition in contest here, July, 1918, the Children's Home, the residuary legatee under the 1911 will, was served with a citation and appeared by William L. Brewster and Richard M. Montague, its attorneys, and filed an answer to the effect that the court should proceed to determine the validity of the will in contest. The Children's Home did not make any objections to the validity of the 1915 will and took no active part in the contest. During the progress of the contest, and

after the filing of the amended petitions and the additional contests by the California heirs, application was made by the contestants for the appointment of an administrator, and upon the hearing of this application the Children's Home appeared by its attorneys and stated the position of the Home, to the effect that the Home was satisfied with Mr. Strong and Mr. Mead as executors and would abide and await the decision of the court before taking any further steps.

As shown by our opinion in *In re Faling Will*, 105 Or. 365 (208 Pac. 715), the will of 1915 was declared invalid and the will of 1911 was declared the valid will of the deceased, by which the Home became the principal beneficiary.

On the twenty-seventh day of May, 1919, an order was duly entered allowing executors Strong and Mead certain compensation. On the fourth day of November, 1922, the executors filed a final report and account covering all of their proceedings as executors of the will of 1915, indicating the total value of the estate received by them originally at $532,091.10, and setting forth that during the five years and four months of their custody of the estate, after paying federal taxes, executors' fees and attorneys' fees, they still had on hand $524,124.98 in live assets. They asked that this account, which covers most of the items in detail, be allowed; that they and their attorneys be allowed final compensation in such sums as to the court might seem reasonable; that these sums be deducted from the assets in their hands; that they be ordered to turn over the balance to the duly appointed, qualified and acting administrator of the 1911 will of Xarifa J. Faling, and that they be discharged.

The Children's Home appeared by its attorneys and particularly objected to certain expenses incurred by the executors in defending the validity of the 1911 will, laying especial stress upon the claim of Strong and Mead for the allowance of attorneys' fees. The court overruled all objections and allowed the claims of Strong and Mead for extra compensation and attorneys' fees, which, in addition to sums theretofore allowed by the court, amounted to the sum of $50,000 attorneys' fees. This decree was rendered on the thirty-first day of July, 1923. On the thirty-first day of August, 1923, the Home and the defendants, Strong and Mead, entered into the following stipulation, which stipulation was duly signed by the attorneys:

"It is hereby stipulated by and between the attorneys for the executors, Thomas N. Strong and C. Lewis Mead, and the attorneys for the Children's Home, formerly The Home, and the said executors, Thomas N. Strong and C. Lewis Mead, may make the payments and credits as authorized by the order of the above-entitled court dated July 31, 1923, and that said order be deemed a final order in said cause and that said executors, Thos. N. Strong and C. L. Mead and the Children's Home hereby waive their right of appeal therefrom."

On the fourteenth day of August, 1923, the Children's Home filed its petition for the appointment of an administrator, and the Security Savings and Trust Company was duly appointed administrator with the will annexed. On the sixth day of September, 1923, the trustees of the Children's Home passed a resolution disclaiming the stipulation theretofore filed waiving their right to appeal, and purporting to reserve, all and singular, their right of appeal; a notice of which resolution was served upon Strong and Mead

on the fifteenth day of September, 1923. On the
same day the Security Savings and Trust Company
and the Children's Home filed their notice of appeal
from the decree, and filed an undertaking on appeal,
which was duly served upon all of the parties, con-
cerning the serving of which no objection is made.

APPEAL DISMISSED.

For appellant Children's Home, there was a brief
and oral argument by *Mr. Rogers MacVeagh.*

For appellant and respondent Security Savings &
Trust Co., there was a brief and oral argument by
*Mr. Blaine B. Coles* and *Mr. Rogers MacVeagh.*

For respondents Thos. N. Strong, C. L. Mead, John
F. Logan, C. Henri Labbe and James G. Wilson,
there was a brief and oral arguments by *Mr. Logan,*
*Mr. Labbe* and *Mr. Wilson.*

McBRIDE, C. J.—1. At the threshold of this case
we are met by a motion to dismiss the appeal on the
ground that both parties, after judgment, had stipu-
lated not to appeal, and that in pursuance thereof
the former executors, Strong and Mead, had turned
over the property in their hands to the new adminis-
trator. We are cited to many cases in which it has
been held that a stipulation of this character, duly
entered into, cannot be disregarded, and that an ap-
peal taken in disregard of such a stipulation will be
dismissed. On the other hand, it is contended that,
there being no consideration for the stipulation, it is
a *nudum pactum,* and not binding upon the parties.
Assuming for the purposes of this motion that there
must be some consideration for such a mutual waiver
of the right of appeal, we are of the opinion that,

where there is a valid right of appeal by either party, or both parties, the waiver of such right constitutes a sufficient consideration.

In this case the executors introduced the evidence of attorneys who placed the amount of compensation which should be allowed as attorneys' fees at from $75,000 to $100,000. This testimony was from men of high standing in their profession and was such as was entitled to some degree of credit from the court, although, on the other hand, other attorneys of high standing fixed the fees at from $20,000 to $25,000. Upon this testimony there was an issue of fact presented to the court as to what was a reasonable fee—whether the highest fee of $82,000, or the lowest, $20,000, was a reasonable fee. The court said $50,000. The administrator had a right of appeal to have it determined in this court whether $50,000 was a reasonable fee, or whether $75,000 or $100,000 was reasonable under the circumstances. It is not necessary for us to say what our judgment would have been here, but each party had a right to appeal and to have its contention on this subject heard in this court. We think this right, which is a substantial right, was a sufficient consideration for the stipulation, and it is not seriously contended that it was in any respect fraudulent or collusive.

In considering this question we have practically conceded, for the purposes of discussion, the force of the contentions of the decisions cited by the appellants here, but none of them touches squarely the case at bar. In *Southern Ry. Co.* v. *Glenn's Admr.,* 98 Va. 309 (36 S. E. 395), the attorney for the defeated party stated in court, when the decree was rendered, that, while he differed with the court, he would not contest the matter. It was held that this

language did not amount to a waiver of the right of appeal. There was no stipulation.

*Clark* v. *Strong,* 14 Neb. 230 (15 N. W. 236), was a contested election case. Judgment was for the defendant. There was a stipulation in writing that if defendant would pay the costs plaintiff would not appeal. Defendant failed to pay the costs and plaintiff thereupon appealed. *Held:* That defendant having violated the stipulation, plaintiff still had the right of appeal.

In *Ah Tai* v. *United States,* 135 Fed. 513 (68 C. C. A. 225), a Chinaman was adjudged to be deported, in a hearing before a United States commissioner, and had taken an appeal to the District Court. He agreed not to prosecute such appeal, but before the appeal was dismissed or the order of the commissioner deporting him affirmed he appealed to the District Court and claimed the right to be heard. *Held:* That, as the waiver was still executory and had not been acted upon, he had such right. This was a *quasi*-criminal proceeding and the court laid some stress upon the sacredness of a man's right to liberty under such circumstances.

In *Ward* v. *Hollins,* 14 Md. 158, an appeal was prayed and allowed, but it was stipulated that it should be withdrawn in consideration that a trustee should suspend a sale for ninety days, which the trustee had no power to do and did not do. It was held that there was no consideration for the withdrawal and that the defeated party could take a new appeal.

There is another consideration in this case, and that is, that this was a matter in the lower court and the stipulation was on file there, and before the party could avoid its effect or bring the matter to this court

on appeal he should have applied to the lower court to be relieved from the stipulation, showing such grounds as he had for such application. In *Clarke* v. *Forshay,* 3 Cal. 290, 291, the court said:

"A written stipulation between parties litigant, filed in the lower court, to govern the proceedings there, will not be looked into by the appellate court, for the purpose of revising the judgment below, where such stipulation has not been brought to the notice of the court below for its adjudication.

"If the appellant has been injured by a disregard of the stipulation, his remedy must first be sought in the court in which it was filed, or in some court of original jurisdiction."

2. We think it was the duty of the appellants, if the stipulation was improvidently entered into or procured by fraud, to have appealed to the lower court to set it aside before attempting to appeal, and, if the court refused to do this, then to bring that matter up, with the balance of the transcript, as part of its substance of appeal to this court.

However, nothing here said is to be construed as precluding a remedy to the Home against trustees who may have fraudulently frittered away valuable rights. That question is not in this case, and, indeed, no fraudulent intent is charged, either on the record or in the briefs.

The appeal will be dismissed.

APPEAL DISMISSED.