## HARRISS-IRBY COTTON CO. v. STATE *et al.*

No. 3227.   Opinion Filed March 12, 1912.

(122 Pac. 163.)

**CORPORATIONS—Powers—Official Supervision—Appealability of Order.**   An order made by the Corporation Commission by virtue of section 8812, Comp. Laws 1909 (Sess. Laws 1907-08, p. 756), requiring a gin to be operated by its owner for the accommodation of the public at a fixed price for ginning cotton, is not appealable to the Supreme Court of the state.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings before the Corporation Commission by the State and others against the Harriss-Irby Cotton Company.   From an order of the Commission, the Cotton Company appeals.   Appeal dismissed.

*Burwell, Crockett & Johnson,* for appellant.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J.   The appellees have moved that this appeal be dismissed on the ground that this court has no jurisdiction to entertain the same.

The order of the commission sought to be reviewed pertains to the ginning of cotton and charges by the appellant as a domestic corporation.   The authority to regulate the same is claimed by the commission to be derived from section 8812, Comp. Laws 1909

"Whenever any business, by reason of its nature, extent, or the existence of a virtual monopoly therein, is such that the public must use the same, or its services, or the consideration by it given or taken or offered, or the commodities bought or sold herein are offered or taken by purchase or sale in such a manner as to make it of public consequence, or to affect the community at large as to supply, demand, or price or rate thereof, or said business is conducted in violation of the first section of this Act,

said business' is a public business, and subject to be controlled by the state, by the Corporation Commission or by an action in any district court of the state, as to all of its practices, prices, rates and charges. And it is hereby declared to be the duty of any person, firm or corporation engaged in any public business to render its services and offer its commodities or either upon reasonable terms without discrimination and adequately to the needs of the public, considering the facilities of said business."

This court may review the order of the Corporation Commission by way of appeal only by virtue of section 20, art. 9, of the Constitution, and section 1239, Comp. Laws 1909 (Sess. Laws 1907-08, p. 229). Section 1239, *supra,* provides for appeals from orders of the Corporation Commission in contempt cases, and has no application to this case.

Section 20 of article 9 of the Constitution is as follows:

"From any action of the commission prescribing rates, charges, or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company, or refusing to approve a suspending bond, or requiring additional security thereon or an increase thereof, as hereinafter provided for, an appeal (subject to such reasonable limitations as to time, regulations as to procedure and provisions as to cost, as may be prescribed by law) may be taken by the corporation whose rates, charges, or classifications. of traffic, schedule, facilities, conveniences, or service, are affected, or by any person deeming himself aggrieved by such action, or (if allowed by law) by the state. Until otherwise provided by law, such appeal shall be taken in the manner in which appeals may be taken to the Supreme Court from the district courts, except that such an appeal shall be of right, and the Supreme Court may provide by rule for proceedings in the matter of appeals in any particular in which the existing rules of law are inapplicable. If such appeal be taken by the corporation whose rates, charges, or classifications of traffic, schedules, facilities, conveniences or service are affected, the state shall be made the appellee; but, in the other cases mentioned, the corporation so affected shall be made the appellee. The Legislature may also, by general laws, provide for appeals from any other action of the commission, by the state, or by any person interested, irrespective of the amount involved. All appeals from the commission shall be to the Supreme Court only, and in all appeals to which the

state is a party, it shall be represented by the Attorney General
or his appointed representative. No court of this state (except
the Supreme Court, by way of appeals as herein authorized) shall
have jurisdiction to review, reverse, correct, or annul any action
of the commission within the scope of its authority, or to suspend
or delay the execution or operation thereof, or to enjoin, restrain,
or interfere with the commission in the performance of its official
duties: Provided, however, that the writs of mandamus and
prohibition shall lie from the Supreme Court to the commission
in all cases where such writs, respectively, would lie to any
inferior court or officer."

Section 18 of the same article provides:

"The commission shall have the power and authority, and
be charged with the duty of supervising, regulating, and con-
trolling all transportation and transmission companies doing busi-
ness in this state, in all matters relating to the performance of
their public duties and their charges therefor, and of correcting
abuses and preventing unjust discrimination and extortion by
such companies; and to that end the commission shall, from time
to time, prescribe and enforce against such companies, in the
manner hereinafter authorized, such rates, charges, classifica-
tions of traffic, and rules and regulations, and shall require them
to establish and maintain all such public service, facilities, and
conveniences as may be reasonable and just, which said rates,
charges, classifications, rules, regulations, and requirements, the
commission may, from time to time, alter or amend. All rates,
charges, classifications, rules and regulations adopted, or acted
upon, by any such company, inconsistent with those prescribed by
the commission, within the scope of its authority, shall be unlaw-
ful and void."

In the light of the foregoing excerpt from section 18, it is
clear that section 20 authorizes appeals from the orders of the
Corporation Commission only as to matters affecting transporta-
tion and transmission companies. A gin company is neither a trans-
portation nor a transmission company, and neither the act entitled
"An act to define a trust, monopoly, unlawful combination in re-
straint of trade; to provide civil and criminal penalties and pun-
ishment for violation thereof and damages thereby caused; to
regulate such trusts and monopolies; to promote free competition
for all classes of business in the state; and declaring an emer-

gency," approved June. 10, 1908 (Sess. Laws 1907-08, p. 750), nor any part thereof, authorizes an appeal from the order of the Corporation Commission, made by virtue of said act, to the Supreme Court of this state.

It follows that the appeal in this case must be dismissed.

All the Justices concur.