### Richmond

RICHMOND CEDAR WORKS AND LIBERTY MUTUAL INSURANCE COMPANY V. MARY LUCY HARPER, ET ALS.

March 17, 1921.

1. APPEAL AND ERROR—*Right of Appeal—Legislative Control.*—An appeal from the decision of an inferior court or from a special tribunal organized for a specific purpose does not lie, unless jurisdiction to entertain such appeal is conferred by Constitution or statute. The right of appeal is clearly not a vested right, but is subject to legislative control.

2. MASTER AND SERVANT—*Workmen's Compensation Act—Time of Appeal.*—Under section 61, workmen's compensation act (Acts 1918, p. 637), either party to the dispute may within thirty· days from the date of the award of the Industrial Commission or within thirty days after the receipt of notice of such award, but not thereafter, appeal from the decision of the commission to the circuit court of the county or corporation court of the city in which the alleged accident happened. *Held:* That there could be no appeal from the decision of the commission after the thirty days had expired.

3. MASTER AND SERVANT—*Workmen's Compensation Act—Enforcement of Award.*—Section 62 of the workmen's compensation act (Acts 1918, p. 637) was clearly enacted for the purpose of providing a means not only of enforcing an award which had been affirmed on appeal to the circuit or corporation court, but also all other final awards of the commission from which there had been no appeal, as well as all agreements between the parties approved by the commission. When this section is invoked, the rights of the claimants have already been established, and the proceeding then resembles a motion for execution upon a forthcoming or delivery bond. There is neither necessity nor reason for the procedure under section 62, unless the defendants fail to pay the amounts awarded the claimants. The court is vested with no discretion, the statute is mandatory, and upon refusal to render judgment the court could be compelled by mandamus.

4. APPEAL AND ERROR—*Right to Appeal—Action Which Could be Compelled by Mandamus.*—Action which can certainly be compelled by mandamus cannot be appealed from.

5. MASTER AND SERVANT—*Workmen's Compensation Act—Enforcement of Award—Court's Action Ministerial.*—The order of the court, under section 62 of the workmen's compensation act (Acts 1918, p. 637), in rendering judgment so that execution may be had, is the exercise of a ministerial function, and the mere method provided by the legislature for enforcing the collection by legal process of the amount already legally ascertained to be due, that is, by execution of *fieri facias*, or any other appropriate process for enforcing a judgment.

6. APPEAL AND ERROR—*Workmen's Compensation Act—Appeal from Decision of the Industrial Commission.*—The Supreme Court of Appeals is without jurisdiction to entertain appeals, either from the Industrial Commission, or from the circuit or corporation courts, in cases arising under the Virginia workmen's compensation act, unless possibly under section 88 of the Constitution of 1902 some constitutional question has been raised in the proceeding, or there has been some attempt to exceed the jurisdiction conferred, which would justify the exercise of the original jurisdiction of the Supreme Court of Appeals to issue the writ of prohibition. The provisions for appeals contained in section 6336 of the Code of 1919 do not apply to proceedings before the commission under the workmen's compensation act, as the remedies provided by that act are exclusive.

Error to a judgment of the Circuit Court of Norfolk county, in proceedings under the workmen's compensation act. Judgment for claimants. Defendant assigns error.

*Dismissed for lack of jurisdiction.*

The opinion states the case.

*Venable, Miller, Pilcher & Parsons* and *Varney S. Ward,* for the plaintiffs in error.

*J. W. Willcox,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

The defendants in error, the widow and children of Leroy Harper, deceased, who lost his life while working as an em-

ployee of the Richmond Cedar Works, were adjudged compensation under the Virginia workmen's compensation act (Acts 1918, p. 637). They have moved to dismiss the writ of error which has been allowed in this case, among other reasons, upon the ground that this court has no jurisdiction to review the judgment.

[1]   We get little assistance from the numerous cases which have arisen in other jurisdictions, because of the differing methods of procedure and varying constitutional and statutory provisions regulating the right of appeal. The general rules appear to be well settled, and it is generally agreed that an appeal from the decision of an inferior court or from a special tribunal organized for a specific purpose does not lie, unless jurisdiction to entertain such appeal is conferred by Constitution or statute. Generally, however, provision is made for appeals or writs of error to review such final decisions under specified restrictions and limitations.

In *Fitt* v. *Central Illinois Public Service Co.*, 273 Ill. 617, 113, N. E. 155, it is held that under section 19 of the Illinois workmen's compensation act (Laws 1913, p. 347), as amended in 1915 (Laws 1915, p. 408), the circuit court, upon the application for judgment on the award of the industrial board, has no jurisdiction to inquire into the question whether the industrial board has acted legally in making the award, but is only authorized to enter judgment on the award, because the statute provides other methods by which the action of such board may be reviewed.

· *Bernstein* v. *Brothman*, 275 Ill. 290, 114 N. E. 120, also holds that the methods of review provided by the Illinois act are exclusive, and that the circuit court, on an application for a judgment on such award, cannot inquire into the legality of the action of the board.

In the *Matter of State Industrial Commission*, 224 N. Y. 13, 119 N. E. 1027, it is held that the Court of Appeals of

New York had no jurisdiction to answer a legal question certified to it by the appellate division of the Supreme Court, and it is interesting to note that the court held that such a question must arise in a case actually pending before the Industrial Commission, and could not be asked merely for the purpose of securing an advisory opinion.

In *Thackster* v. *Finn,* 178 Cal. 270, 173 Pac. 163, it is held that even though an award in favor of an employee of a sub-contractor against the principal contractor would have been annulled by the Supreme Court for want of power in the industrial accident commission to make it, if the proceedings to review the award had been instituted within the time fixed by the statute, still, where no proceeding of review has been inaugurated within the time thus limited, the judgment is not a nullity, but the award is conclusively presumed to be lawful and binding as against any kind of attack, collateral or otherwise. This, it is observed, is a case where, if the statute authorizing the review had been followed, the award would have been annulled because the commission exceeded its jurisdiction.

In *Harriss-Irby Cotton Co.* v. *State,* 31 Okl. 603, 122 Pac. 163, it is said that the Supreme Court of Oklahoma, although it has jurisdiction to review some of the orders of the State Corporation Commission, has no such jurisdiction to review an order requiring a cotton gin to be operated by its owner for the accommodation of the public at a fixed price, because the statute under which the commission acted did not provide for an appeal.

In *Southern Ry. Co.* v. *Glenn,* 102 Va. 533, 46 S. E. 776, this is said: "The benefit of appeal is a purely statutory right. When parties come to this court to have reviewed the action of a lower court, their only warrant for doing so is the statute, and its terms must be strictly complied with. Section 3454 of the Code of 1887 declares that any party who is a party to any case in chancery, wherein there

is a decree or order adjudicating the principles of the cause, who thinks himself aggrieved thereby, may present a petition for an appeal from such decree or order. The person referred to in this statute has been decided to be such person as was a party to the suit in the court below, and who was aggrieved by the decree therein rendered; and to make him a proper party to an appeal these two circumstances must concur."

In *Tyson* v. *Scott,* 116 Va. 243, 81 S. E. 57, the principle is stated thus in the syllabus: "The jurisdiction of this court rests wholly upon the written law, and can be exercised only in obedience to the Constitution and laws passed in pursuance thereof. Statutes of limitation are deemed statutes of repose, and this conception of such statutes applies with peculiar force to limitations upon the right of appeal, or supervision. Such method is exclusive, and neither court nor judge can modify these rules without express statutory authority, and then only to the extent specified."

The right of appeal, then, is clearly not a vested right, but is subject to legislative control, and only exists if conferred by Constitution or statute. *Sullivan* v. *Haug*, 82 Mich. 548, 46 N. W. 795, 10 L. R. A. 263.

Many pertinent cases from other jurisdictions may be found cited in 3 Corpus Juris, p. 274.

For the plaintiffs in error it is claimed that the statutory authority which is thus shown to be necessary exists, and that it is found in that portion of the Code of 1919, section 6336,* which enumerates the classes of cases in which this

---

*Sec. 6336. In what cases petitions for appeal, writ of error, or supersedeas may be awarded.—Any person who thinks himself aggrieved by any judgment, decree, or order in a controversy concerning the title to or boundaries of land, the condemnation of property, the probate of a will, the appointment or qualification of a personal representative, guardian, committee, or curator, or concerning a mill, roadway, ferry, wharf, or landing, or the right of the State, county, or municipal corporation to levy tolls or taxes, or involving the construc-

court has jurisdiction, and concludes by authorizing any person thinking himself aggrieved by a final judgment, decree, or order, in any civil case, to present a petition, if the case be in chancery, for an appeal from the decree or order, and if not in chancery for a writ of error and supersedeas to the judgment or order complained of; whereas, for the claimants, it is urged that this statute does not apply to such a proceeding as this, and that the remedies expressly provided by the Virginia workmen's compensation act are exclusive.

The sections of the act immediately involved are sections 61 and 62, which are as follows:

Sec. 61. *Appeals.*—The award of the commission, as provided in section 59, if not reviewed in due time, or an award of the commission upon such review, as provided in section 60, shall be conclusive and binding as to all questions of fact; but either party to the dispute may, within thirty days from the date of such award or within thirty days after receipt of notice to be sent by registered mail, of such award, but not thereafter, appeal from the decision of such commission to the circuit court of the county or corporation court of the city in which the alleged accident happened or in which the employer resides or has his principal office; or if the cause be in the city of Richmond,

---

tion of any statute, ordinance, or county proceeding imposing taxes, or by any final order, judgment or finding of the State Corporation Commission, irrespective of the amount involved, except the action of the said commission in ascertaining the value of any property or franchise of a railroad or canal company, for the purpose of taxation and assessing taxes thereon, or any person who is a party to any case in chancery wherein there is a decree or order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of a cause, or any person thinking himself aggrieved by the order of a judge or court refusing a writ of **quo warranto,** or by the final judgment on said writ, or by a final judgment, decree, or order in any civil case, may present a petition, if the case be in chancery, for an appeal from the decree or order; and if not in chancery, for a writ of error or supersedeas to the judgment or order, except as provided in the following section; provided, however, that the Commonwealth may take an appeal from the action of the State Corporation Commission in all cases, irrespective of the amount involved.

then to the circuit or law and equity court of said city; the form and manner of said appeal shall be prescribed by the Supreme Court of Appeals of Virginia within thirty days after this act takes effect. The judge shall hear and determine the case within thirty days after the granting of the appeal if court be in session, and if court be not in session the judge granting such appeal shall hear and determine the case within thirty days after the beginning of the ensuing term. The commission, of its own motion, may certify questions of law to the Supreme Court of Appeals for decision and determination by the said court. In case of an appeal from the decision of the commission, or of a certification by said commission of questions of law, to the Supreme Court of Appeals, said appeal or certification shall operate as a supersedeas, and no employer shall be required to make payment of the award involved in said appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this act."

"Sec. 62. *Judgment may be filed.*—Any party in interest may file in the circuit or corporation court of the county or city in which the injury occurred, or if it be in the city of Richmond, then in the circuit or law and equity court of said city, a certified copy of a memorandum of agreement approved by the commission, or of an order or decision of the commission, or of an award of the commission unappealed from, or of an award of the commission affirmed upon appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court."

The question thus presented requires a careful consideration of the purpose of the act as well as of its provisions.

Its general purpose is, of course, well known. It was adopted in response to a public sentiment, which is said by the Industrial Commission of Virginia to have developed thus rapidly:

"The first workmen's compensation law was enacted by Germany in 1884. Since that time compensation acts have been adopted by over fifty countries, comprising all the great industrial nations of the world.

"In the United States, the first general workmen's compensation act to stand the test of constitutionality was the New Jersey law of 1911. Similar laws have now been adopted by thirty-eight States and three Territories. Congress, in 1916, passed a compensation act covering all civil employees in the service of the Federal government.

"The widespread favor with which these laws have been received is due to the fact that they are the outgrowth of natural conditions, and are based upon principles which men and women have come to regard as just."

The Virginia act has features which are common to nearly if not quite all such laws, and has for its humane purpose the providing for all workmen coming within its provisions who are injured during the course of their employment of compensation therefor which is certain in amount without deduction. The doctrines of contributory negligence, assumed risk, and all of those defenses which have so frequently defeated recoveries, occupied the time of courts and crowded their dockets are abolished. Some of these advantages are thus summarized by the Virginia commission:

"The compensation system has many advantages over the common and statutory liability laws. These advantages accrue to no one class, but are shared alike by employee, employer and society at large.

"1. The injured employee receives definite and timely relief without the uncertainty and expense of a law suit. Under the older system, only a small percentage of acci-

dents were compensated, and in many of these cases the compensation was totally inadequate.

"2. The employer knows that the sums paid by him, or by his insurer, go directly and in full to his injured work-man. The elimination of waste in the litigation of claims will have a material effect in keeping the cost of compensation within reasonable limits.

"Moreover, the certainty that compensation will be paid is conducive to the contentment of the worker, and the removal of friction promotes harmony and productive efficiency.

"3. Society itself benefits through the elimination, in a large measure, of the expense of negligence cases, estimated to consume from one-fifth to one-third of the time and expense of the courts, and through the reduction of poverty and destitution." Minor's Workmen's Compensation Laws, p. 583.

Bearing in mind the objects in view, it is helpful to consider certain specific provisions of the statute.

Section 12 provides that the rights and remedies granted by the act to an employee coming within its provisions, "shall exclude all other rights or remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service, or death." Section 52 creates a commission to be appointed by the Governor, requires each member thereof to devote his entire time to the duties of his office, and forbids his holding any position of trust or profit, or engaging in any occupation or business interfering or inconsistent with his duties as such member. Section 55-a provides, among other things, that "Processes and procedure under this act shall be as summary and simple as reasonably may be." Section 58 requires that immediately after application shall be made for compensation, the commission shall set a date for the hearing, which shall be

62

held as soon as practicable, and in the city or county where-in the injury occurred, unless otherwise agreed to by the parties and authorized by the commission. Section 59 requires the commission to hear the parties at issue and their representatives and witnesses, and to "determine the dispute in a summary manner." Section 61, which has been heretofore quoted, shows that the award of the commission, if not reviewed in due time as provided in the statute, or an award of the commission after said review, shall be conclusive and binding as to all questions of fact, but permits an appeal within thirty days, but not thereafter, to the circuit court of the county, or corporation court of the city, in which the alleged accident happened, or in which the employer resides or has his principal office, or, if in Richmond, to the circuit court or the law and equity court of the city.

[2] Under this section (61), it is certain that there can be no appeal from the decision of the commission after the thirty days has expired. As a further indication of the intention of the legislature to eliminate the expense and delay of litigation which heretofore have so embarrassed claimants injured in such accidents, the judge of the court, within thirty days after granting the appeal, is directed to hear and determine it, and if the court be not in session, to determine it within thirty days after the beginning of the ensuing term. This repeated insistence upon promptness in procedure would be unavailing, if, in addition to the appeal which the act provides, there is also under the general statute (section 6336) another appeal to this court. The advantages of economy and prompt relief which it is the purpose of the act to afford such claimants would be denied if such additional appeal lies.

Before the act, the plaintiff in an action for personal injury, had his case tried in the circuit or corporation court, with an appeal to this court if the jurisdictional amount was

involved. If, notwithstanding the act, an appeal to this court still lies, then such a claimant may be subjected to the expense and delay of the initial trial before the industrial commission, followed by two appeals, one to the local court followed by another to this court. Experience teaches that civil rights are best protected by one appeal, in every case, both because it induces greater care in the tribunal of original jurisdiction, and prevents the arbitrary exercise of power, as well as because it gives to the appellate court the opportunity for more careful investigation and mature consideration for the correction of those errors which are inevitable in every human endeavor. These reasons, as a general rule, however, do not justify more than one appeal, because the evils of the consequential delay and expense far outweigh the possible advantages of such additional appeal. The unavoidable delays of the law are many, and for this reason all unnecessary delay in the administration of justice should be avoided, for delay has always constituted one of the greatest evils of the law.

It may be difficult for those of us who are accustomed to the Virginia practice readily to accede to the view that this court has no jurisdiction in such cases, but we think that this chiefly grows out of that conservatism which constrains many lawyers and judges to adhere too tenaciously to their previous habits of thought and conduct. That the legislature intended to enact a complete statute, designed to supply an adequate remedy in every case which might arise under it, is manifested by its seventy-nine sections with their multitudinous and detailed provisions. The act creates new rights and provides new remedies whereby they may be asserted and maintained.

The last clause of section 61 is itself most significant. It provides that no employer shall be required to make payment of the award until the questions at issue shall have been fully determined "in accordance with the provisions

of this act." As it seems to us, this makes it apparent that in the act itself we should seek and find the safeguard of every right thereby created. That the legislature intended this to be true is not only indicated by the clause of section 2 just quoted, but also by section 66, which reads: "All questions arising under this act, if not settled by agreement of the parties interested therein, with the approval of the commission, shall be determined by the commission, except as otherwise herein provided." Here again the legislature has manifested its intention to limit the rights and remedies of those interested to the provisions of the act itself, and thus to exclude the application of the general statute with reference to appeals and writs of error. The legislature also apparently anticipating that there might be contrariety of decision between the various corporation and circuit courts, has expressly authorized the commission to propound questions of law to this court, and this provision is sufficient to insure uniformity of construction, and thus to avoid the uncertainty of which otherwise there would be danger.

[3-5] It is said, however, that a consideration of section 62 affects the question. It is observed that the commission has no power to enforce its own judgments, and section 61 does not expressly give the circuit or corporation courts any power to enforce its own judgments on appeal. Section 62 was clearly enacted for the purpose of providing a means not only of enforcing an award which had been affirmed on such appeal, but also all other final awards of the commission from which there had been no appeal, as well as all agreements between the parties approved by the commission. When this section is invoked, however, the rights of the claimants have already been established. The proceeding then resembles a motion under our statute for execution upon a forthcoming or delivery bond. There is neither necessity nor reason for the procedure under sec-

tion 62, unless the defendants fail to pay the amounts awarded the claimants.   At that time all of the rights of the parties having been previously litigated and determined, the court is required to render judgment in accordance either with (a) the agreement of the parties, which has been approved by the commission, (b) an award of the commission which has not been appealed from, or (c) an award of the commission which has been previously affirmed upon appeal.   At this stage of the proceeding, the court is vested with no discretion; the statute is mandatory, and the refusal to render such judgment as that section requires could be compelled by mandamus.   It seems hardly necessary to say that action which can certainly be compelled by mandamus cannot be appealed from.   The order of the court under section 62 in rendering judgment so that execution may be had, is the exercise of a ministerial function, and the mere method provided by the legislature for enforcing the collection by legal process of the amount already legally ascertained to be due—that is, by execution of *fieri facias,* or any other appropriate process for enforcing a judgment.

[6]   Our judgment, therefore, is to sustain the motion to dismiss the writ because this court is without jurisdiction to entertain appeals either from the Industrial Commission or from the circuit or corporation courts in cases arising under the Virginia workmen's compensation act, unless possibly under section 88 of the Constitution some constitutional question has been raised in the proceeding, or there be some attempt to exceed the jurisdiction conferred, which would justify the exercise of the original jurisdiction of this court to issue the writ of prohibition.

This conclusion makes it unnecessary for us to consider the other interesting questions discussed in the briefs.

*Dismissed for lack of jurisdiction.*