## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Stanley A. Nowak

v.

Board of Zoning Appeals
of the City of Virginia Beach

June 24, 1981

Case No. (Law) 10,575

By JUDGE BERNARD G. BARROW

This matter was heard by the court on April 28, 1981. A Petition for Certiorari was filed in this matter on December 4, 1980 asking for a Writ of Certiorari to review a decision by the Board of Zoning Appeals of the City of Virginia Beach. The petitioner's application for a variance was denied by the Board on November 5, 1980.

At the time of the hearing before this court, counsel for the petitioner had not submitted a proposed Writ of Certiorari for entry by the court and no responsive pleadings had been filed on behalf of the defendant. However, counsel for both parties agreed that this matter could be heard on April 28, 1981 when scheduled for trial and that appropriate pleadings would be filed thereafter.

At the conclusion of the evidence and arguments of counsel, the court rendered its opinion that the Board of Zoning Appeals used or applied erroneous principles of law in denying the petitioner's application. It concluded that the matter should be reversed and remanded to the Board of Zoning Appeals for further consideration under appropriate principles of law applicable to the case. Counsel for the petitioner was directed to prepare an appropriate order.

Thereafter, on May 15, 1981, counsel for both parties appeared before the court and advised that in an effort to expedite resolution of the controversy an appearance had been made before the Board of Zoning Appeals prior to the entry of any order by the court. Counsel advised that the Board of Zoning Appeals expressed concern over the power of this court to reverse and remand such a matter and further declined to hear the matter until the entry of an appropriate order. At that time counsel were requested to submit any authorities they wished to concerning the court's authority to reverse and remand a decision of the Board of Zoning Appeals.

The petitioner is the owner of Lot 11, Block 5, Section 4, Subdivision of West Alanton, in the City of Virginia Beach, Virginia. He applied to the defendant for a variance of a set-back requirement imposed upon his lot under the City's zoning ordinances. His application was denied by the defendant after hearing on November 5, 1980.

His lot is residential and is zoned R-2. The site of his home is required to be at least 15 feet distant from his side property lines. The northeastern side of his property is required to have an additional ten feet of set-back, for a total of twenty-five feet, because it is adjacent to a public street. The only evidence of the purpose for this ordinance is the need to enhance or insure sufficient visibility for traffic at intersections.

The property faces a street called Whiteside Lane and is adjacent on its northeast side to a street called Branch Circle. This latter street is not a throughway but instead is a cul-de-sac. Only three residential lots adjoin Branch Circle: the petitioner's and two others with existing dwellings. The width of Branch Circle is 100 feet instead of the usual 50 feet for cul-de-sacs being used in the City. The opposite side of each of the three lots facing Branch Circle borders on Linkhorn Bay, and, therefore, there is no expectation that Branch Circle will ever be extended.

The proposed site on the petitioner's lot is actually 29 feet from the pavement of Branch Circle, 4 feet more than that required by the set-back ordinance, even though the actual distance from the site to the edge of the pe-

titioner's property line is only 17 feet, 8 feet less than that required by the set-back requirement. The evidence was that the location of the site of his residence as proposed by the petitioner would not impair or impede the visibility at the intersection.

In other words, because the street in question is not a throughway, is unusually wide, and is 29 feet from the site of the proposed home, the application of the set-back ordinance does not further its intended purpose. Therefore, the application of the ordinance to this particular parcel of land will not serve a valid public purpose.

Where the application of a set-back requirement serves no useful purpose, a variance is justified. *Board of Zoning Appeals* v. *Fowler*, 201 Va. 942 (1960); *Burkhardt* v. *Board of Zoning Appeals*, 192 Va. 606 (1951).

In *Board of Zoning Appeals* v. *Fowler, supra*, the court said:

> Over-all zoning laws are of a nonspecific and general nature. They are not perfect and can hardly be made perfect, thus the necessity for the creation of Boards of Zoning Appeals. The very purpose of these boards is, within the confines of the law, to vary specific terms of zoning ordinances to the end that the intent of the zoning law might be effectuated . . . . The plain intent and purpose of the ordinance . . . is to permit, through the Board of Zoning Appeals, the amelioration of the rigors of necessarily general zoning statutes by eliminating the necessity for a slavish adherence to the precise letter of the ordinance where, in a given case, little or no good on the one side and undue hardship on the other would result from a literal enforcement.

Thus, in determining whether or not to grant a variance the Board of Zoning Appeals must consider not only whether a hardship exists but whether a public purpose is being served. For if no public purpose is being served, the local governing body has no authority to restrict the use of private property.

Section 15.1-495 of the Virginia Code describing the powers and duties of the Board of Zoning Appeals authorizes variance from the terms of an ordinance when, "owing to special conditions a literal enforcement of the provisions will result in *unnecessary* hardship." (Emphasis Added). If no public purpose is served by the application of an ordinance to a specific parcel of land, then a restriction of the use of that land is an *unnecessary* hardship, no matter how slight a hardship it might be.

The transcript of the Board's proceeding reveal that the question of whether the purpose of the ordinance was being furthered by its application to the petitioner's property was not explored. The petitioner, who was without counsel, inartfully raised the issue. His initial remarks included "Branch Circle is extremely wide, oh, it must be five or six lanes wide. Now, there is only two other houses on that circle. There isn't any traffic on, except for one house located here and one across the street here." He later added: "But I am not really causing anyone, any king of a problem, not the neighbors, not the traffic, not the street, not anyone."

The Board's concern, appropriate perhaps in most cases, was solely the issue of the extent of the hardship the petitioner faced. And yet, if no public purpose was being achieved, any hardship was too much.

At the conclusion of the evidence the court indicated an intention to reverse and remand for further proceedings. It was the court's conclusion that the Board had applied an erroneous principle of law and should have an opportunity to evaluate the issue of whether the purpose of the ordinance was being accomplished in its application to this parcel.

However, the court has authority to take evidence or appoint a commissioner to take such evidence as it may direct. Thus for the sake of efficiency, unless the parties can agree to the facts necessary to conclude whether a public purpose is being accomplished by the application of the ordinance, it is my intention to appoint a commissioner to take such evidence as is necessary to resolve this issue.

In the meantime, a Writ of Certiorari should be prepared by counsel for the petitioner, submitted to the court with the appropriate endorsements, and, thereafter

responsive pleadings on behalf of the defendant should be filed prior to any further proceedings in this matter.