# CIRCUIT COURT OF THE CITY OF RICHMOND

William P. Laffoon *et al.*

v.

City of Richmond
Zoning Appeals Board
and GTR Cedar, L.L.C.

November 23, 2015

Case No. CL15-2338-7

By Judge W. Reilly Marchant

The parties, by counsel, were before the Court on October 9, 2015, and November 9, 2015, upon the Petitioner's Petition for Writ of Certiorari and Respondents' Demurrer to the Petition and Respondents' Motions to Dismiss. After review of the pleadings, arguments of counsel as set out in their respective briefs and oral arguments, and review of the law, the Court finds as follows.

## I. *Background*

On June 4, 2015, Petitioners filed a Petition for Writ of Certiorari in this Court, requesting that the Court review and reverse the May 6, 2015, decision of the Board of Zoning Appeals for the City of Richmond ("BZA"). The BZA's May 6 decision granted Respondent GTR Cedar, L.L.C.'s application for a special exception under Sections 1040.3(1) and (17) of the City of Richmond Ordinances for a building permit to construct a multi-family building with 180 dwelling units located at 1903 East Marshall Street.

Current zoning of the lot requires that new construction be in line with the face of any existing, adjacent structures. *See* City of Richmond Ordinances § 114.444.4(1). The zoning ordinances also require that the maximum height of any structure be four stories, as measured from the mid-point of the street frontage side of the building. *See* City of Richmond Ordinances § 114.444.7(1). The building plan, which was approved by the City of Richmond Commission of Architectural Review ("CAR"), extends the face of the building within 15 inches of the lot line and sidewalk. The face of the adjacent row houses, however, are set back 8 feet and 9 inches from the lot line. Furthermore, GTR's building plan approved by CAR is technically five stories, based on the topography of the lot. Therefore, Respondent GTR sought special exceptions to the eight foot front yard setback requirement and from the four story height requirement.

On May 6, 2015, the BZA granted both of the exceptions. Petitioners, who are owners of an adjacent row house, filed this Petition seeking reversal of the BZA decision.

## II. *Standard of Review*

Any person aggrieved by a BZA decision may file a Petition for Certiorari with the Circuit Court for review. *See* Va. Code Ann. § 15.2-2314. "Upon the presentation of such petition, the court shall allow a writ of certiorari to review the decision of the board of zoning appeals." *Id.* Wherefore, the Court hereby grants the Petition for Writ of Certiorari and reviews the matter as follows.

The applicable standard of review the Court must apply is set out in Virginia Code § 15.2-2314 and Richmond City Charter § 17.24. Section 17.24 of the Richmond City Charter requires the Court to reverse or modify the BZA decision "when it is satisfied that the decision of the board is contrary to law or that its decision is arbitrary and constitutes an abuse of discretion." Richmond City Charter § 17.24. Likewise, "[t]here is a presumption that the Board's decision was correct, and the burden is on the appellant to overcome this presumption." *Alleghany Enterprises, Inc. v. Board of Zoning Appeals of the City of Covington*, 217 Va. 64, 67 (1976); *see also* Va. Code Ann. § 15.2-2314. The presumption can be rebutted where the Court finds that the BZA "applied erroneous principles of law, or, where the discretion of the board of zoning appeals is involved, the decision of the board of zoning appeals was plainly wrong, was in violation of the purpose and intent of the zoning ordinance, and is not fairly debatable." Va. Code Ann. § 15.2-2314; *see also Alleghany Enterprises, Inc.*, 217 Va. at 67.

### III. *Requirements for a Setback Exception under § 114-1040.3(1)*

The Richmond City Ordinances permit the BZA to grant additional exceptions to zoning restrictions. Section 114-1040.3(1) lists requirements for the BZA to grant exceptions to the setback requirement. The relevant portion of the Ordinance is as follows:

> Pursuant to section 15.2-2309 of the Code of Virginia (1950), as amended, the following exceptions to the district regulations or other restrictions may be granted by the board of zoning appeals, provided such exceptions shall by their design, construction, and operation adequately safeguard the health, safety, and welfare of the occupants of the adjoining and surrounding property, shall not unreasonably impair an adequate supply of light and air to adjacent property, shall not increase congestion in streets, and shall not increase public danger from fire or otherwise unreasonably affect public safety and shall not diminish or impair the established property values in surrounding areas. In granting an exception, the board shall be satisfied that it is consistent with the intent statement and the conditions as set forth in the particular exception, and the board may attach such specific conditions and limitations as it deems necessary to satisfy the general conditions of this paragraph and the intent of the exception.
>
> (1) *Construction of or Additions to Dwellings or Accessory Structures.* Construction of or additions to single-family detached, single-family attached, and two-family or multi-family dwellings or accessory structures on lots occupied by such dwellings, when such dwellings, additions, or accessory structures cannot meet applicable yard and/or lot coverage requirements.
>
> Such dwellings, additions, or accessory structures shall be permitted, *provided the board shall be satisfied that:*
>
> a. The intended purpose and use of the dwelling, addition, or accessory structure is consistent with the use regulations applicable in the district in which the property is situated;
>
> b. The departure from the applicable yard and/or lot coverage requirements is the *minimum necessary* to accommodate the intended purpose of the dwelling, addition, or accessory structure, and that the dwelling, addition, or accessory structure or a similar dwelling, addition, or accessory structure serving the same purpose and function cannot reasonably be located elsewhere on the lot in compliance with applicable requirements; and

c. Any addition to an existing dwelling or construction of or addition to an accessory structure will be in keeping with the architectural character of the existing dwelling on the property, and any newly constructed dwelling or accessory structure will be in keeping with the development pattern of the neighborhood.

*Intent Statement:* Many existing lots in the city are characterized by such small size, irregular configuration, or other condition that current yard and/or lot coverage requirements severely inhibit their development for permitted dwelling use consistent with modern day dwelling needs. Also, a large number of dwellings in the city were constructed many years ago and do not meet contemporary needs of owners or occupants with regard to size, number, function, or amenities of rooms and other living spaces. Many dwellings were constructed on relatively small lots and/or were constructed in a manner that current yard or lot coverage requirements do not enable additions to or construction of accessory structures for dwellings that are desired by owners or occupants to modernize or improve the functionality and livability of their properties. It is often desirable to permit construction of new dwellings, additions, or accessory structures to encourage improvement of property, increase opportunities for home ownership, retain residents in the city, and promote neighborhood improvement.

City of Richmond Ordinances § 114-1040.3(1) (emphasis added).

### IV. *BZA Minutes from the May 6, 2015, Meeting*

In reaching the decision that it would grant the special exception, the BZA "minutes" stated:

The board is satisfied that the property was acquired in good faith and, pursuant to Section 114-1040.3(1) of the City Code, the intended purpose and use of the proposed dwelling use is consistent with the zoning district regulations; departure from the yard requirements is the minimum necessary to accommodate the intended purpose of the dwelling use; the dwelling use or similar construction serving the same purpose cannot reasonably be located elsewhere on the lot in compliance with the zoning ordinance; and the dwelling use will be in keeping with the architectural character of development within the neighborhood.

BZA Meeting Minutes, p. 9. However, no such finding was actually made by the BZA at the May 6, 2015, hearing. The hearing simply concluded

with a motion, a second of the motion, and a vote. *See* BZA Transcript, p. 30.

The "minutes" of that same BZA meeting of May 6, 2015, appear to state the correct and necessary findings required by § 114-1040.3(1) in order for BZA to grant the exception, *but* the transcript clearly reveals that no such findings were made. Rather, the BZA simply chose to rubber stamp the prior Commission of Architectural Review ("CAR") decision of June 24, 2014, without making its own independent determination.

As stated by Vice Chairman York at the BZA hearing of May 6, 2015:

> As far as the setback issue is concerned, if I were on the Commission of Architectural Review, *I am not so sure I would have gone along with it.* But the bottom line is that they gave it due consideration. It is clear in the record of the CAR that they felt that it was appropriate from an historic perspective that the building be configured the way it is. *So I do not really think that it behooves us to second guess their consideration of those design factors.*

BZA Transcript, p. 23 (emphasis added). And he goes on to state: "So I think it is really just a simple matter of . . . *the CAR approval for the exception on the sidewalk.*" *Id.* at 24 (emphasis added).

The applicable Ordinance § 114-1040.3(1) requires the BZA to make specific findings (see Section III above), and yet, in this case, the BZA apparently based its decision regarding the setback exception solely on the fact that CAR had approved it.

This clearly is an application by the BZA of "erroneous principles of law" and, therefore, rebuts the presumption of correctness usually applied to BZA decisions. *See* Va. Code Ann. § 15.2-2314.

Further, it appears to the Court that opposition to the setback exception far exceeded support for the exception. Other than the applicant and one lone individual who spoke in support (BZA Transcript, p. 13), there was significant opposition: Charlie Holt (next door neighbor who objected to blocking his view by not adhering to the setback), Henry McLaughlin on behalf of Mr. Laffoon, Elaine Odell, individually and on behalf of the Union Hill Civic Association, Chris Jones, individually and on behalf of Friends of Jefferson Park.

Furthermore, counsel for the respondent stated that he, his client, and others had met with Union Hill Civic association, Churchill Civic Center, Friends of Jefferson Park, the Cedar Street row house owners and residents and others, and they were unable to reach any agreement. BZA Transcript, p. 11. Obviously, therefore, there was much dissent and opposition.

Counsel for GTR argues that the BZA heard no evidence other than from Mr. Laffoon, that an exception for setback would in fact negatively affect light and air or the other factors that setbacks are intended to

safeguard. But, in fact, quite the opposite is true. All the evidence, except that which Mr. *Walker* presented on behalf of his client, was that the setback would negatively affect the light and air and the neighbor's enjoyment of the neighborhood. In fact, the Vice Chairman of the BZA, Mr. York, even stated that he did not think he would have agreed to the exception had he been on the CAR. *See* BZA Transcript, p. 23, cited above.

For all the reasons set forth above, the Court finds to its satisfaction that the BZA applied erroneous principles of law in granting the exception regarding the setback requirements. The Court hereby reverses the BZA decision regarding the setback exception and remands the matter to the City of Richmond Board of Zoning Appeals for reconsideration of the setback exception in light of the necessary considerations and findings required by § 114-1040.3(1) of the City of Richmond Ordinances. *See Toone v. Board of Zoning Appeals*, 54 Va. Cir. 33 (Fairfax County 2000); *Carolinas Cement Co. v. Warren County*, 52 Va. Cir. 6 (Warren County 2000); *Nowak v. Board of Zoning Appeals of Virginia Beach*, 14 Va. Cir. 482 (Virginia Beach 1981). The Court affirms the BZA decision regarding the height exception.

Pursuant to Rule 1:13 of the Supreme Court of Virginia, the Court dispenses with the parties' endorsement of this Order. The Clerk is directed to forward a copy of this Order to counsel for the Petitioners and counsels for the Respondents. It is so ordered.